Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Phone: (212) 506-1700
Fax: (212) 506-1800

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------- x
                               :

LEGAL BAY LLC,                     :

                  :

         Plaintiff,       :       Case No. 2:22-cv-03941-ES-JBC

                  :

     - against -       :       Removed from the Superior Court

                  :       of the State of New Jersey, Essex

MUSTANG FUNDING, LLC, MUSTANG     :       County – Chancery Division, Docket

SPECIALTY FUNDING I, LLC, MUSTANG   :       No. (ESX-C-000086-22)

SPECIALTY FUNDING II, LLC, JAMES     :

BELTZ, and KEVIN CAVANAUGH,       :       **CORRECTED NOTICE OF**

               Defendants.   :       **REMOVAL**

                  :

---------------------------------------------------------- x

TO:     **The Honorable Esther Salas, United States District Court
            For The District Of New Jersey**

       Defendant Mustang Funding, LLC, by and through its undersigned counsel, pursuant to

28 U.S.C. § 1441, *et seq.*, hereby corrects its June 15, 2022 notice of the removal of the above-

captioned action, bearing Docket No. ESX-C-000086-22, from the Superior Court of New

Jersey, Essex County – Chancery Division (the "State Court Action") to the United States

District Court for the District of New Jersey.  Defendant Mustang Funding, LLC respectfully

states the following in support of removal:

I.    <u>PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS</u>

1.    On May 16, 2022, Plaintiff Legal Bay LLC ("Legal Bay") filed the State Court Action in the Superior Court of New Jersey, Essex County – Chancery Division.  A true and correct copy of the complaint is attached hereto as Exhibit A.

2.    The State Court Action involves allegations of a purportedly soured business relationship between Legal Bay and the Defendants.  Legal Bay's six-count Complaint in the State Court Action brings the following putative claims against one or more of Defendants Mustang Funding, LLC, Mustang Specialty Funding I, LLC, Mustang Specialty Funding II, LLC, (collectively, the "Mustang Entities"), James Beltz, and Kevin Cavanaugh (Beltz and Cavanaugh, together, the "Mustang Founders"):  (i) declaratory judgment concerning the alleged joint venture; (ii) dissolution and winding up of the alleged joint venture; (iii) breach of the purported oral joint venture agreement against the Mustang Entities; (iv) breach of fiduciary duties against the Mustang Entities; (v) fraud in the inducement against the Mustang Founders; and (vi) breach of the purported oral line of credit agreement against Mustang Funding I.

3.    Defendants deny the validity of all six putative claims asserted in the State Court Action and do not waive any defenses or admit any allegations in Legal Bay's state court Complaint.

4.    On May 18, 2022, Legal Bay served Mustang Funding, LLC with a copy of the summons and complaint.  True and correct copies of the Certificate of Diligent Inquiry and Personal Service Upon Mustang Funding LLC and affidavit of service for Mustang Funding, LLC are attached hereto as Exhibit B.

5.    On May 18, 2022, Legal Bay served Jimmy Beltz with a copy of the summons and complaint.  True and correct copies of the Certificate of Diligent Inquiry and Personal

Service Upon James Beltz and affidavit of service for James Beltz are attached hereto as Exhibit C.

6.      On May 18, 2022, Legal Bay served Kevin Cavanaugh with a copy of the summons and complaint.  True and correct copies of the Certificate of Diligent Inquiry and Personal Service Upon Kevin Cavanaugh and affidavit of service for Kevin Cavanaugh are attached hereto as Exhibit D.

7.      On May 19, 2022, Legal Bay served Mustang Specialty Funding I, LLC and Mustang Specialty Funding II, LLC with copies of the summons and complaint.  True and correct copies of the summons and affidavits of service as to Mustang Specialty Funding I, LLC and Mustang Specialty Funding II, LLC are attached hereto as Exhibit E.

8.      Exhibits A-E attached herein constitute all process, pleadings, and orders served or filed in the State Court Action.  (*See id.* ¶ 13.)

9.      Pursuant to 28 U.S.C. § 1446(b), Defendants did not receive, through service or otherwise, any documents from which it could be determined that the State Court Action was removable before May 18, 2022.  Thus, this Notice of Removal, filed within 30 days of Defendants' receipt of a copy of the Summons and Complaint in the State Court Action, is timely pursuant to 28 U.S.C. § 1446(b).

10.     All Defendants consent to, and join in, this removal.

## II.    DEFENDANTS HAVE GROUNDS FOR REMOVING THE CASE

### A.    This Court Has Subject Matter Jurisdiction

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) ("Diversity Jurisdiction") because the parties to the State Court Action are completely diverse and Legal Bay's Complaint alleges an amount in controversy that exceeds $75,000, exclusive of costs and interest.  *See, e.g.*, *Encore Cap. Fin., Inc. v. Heartland Payment Sys., LLC*,

2018 WL 2723880, at *1 (D.N.J. June 6, 2018) ("Diversity jurisdiction exists when the action arises between citizens of different states, and the amount in controversy exceeds $75,000." (citing 28 U.S.C. §§ 1332, 1441(b))).

### 1. Legal Bay Is Diverse From Every Defendant

12.     The parties are diverse for purposes of establishing the court's subject matter jurisdiction under 28 U.S.C. § 1332(a) because Legal Bay is not a citizen of the same state as any Defendant in the State Court Action.  "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *See Exxon Mobil Corp. v. Allapattah Svcs. Inc.*, 545 U.S. 546, 553 (2005); *Kaufman v. Allstate N.J. Insur. Co.*, 561 F.3d 144, 148 (3d Cir. 2009). "The key inquiry in establishing diversity is thus the 'citizenship' of each party to the action."  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).  "[T]he citizenship of an LLC is determined by the citizenship of each of its members." *Id.* at 418.  And "[a] natural person is deemed to be a citizen of the state where she is domiciled."  *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008); *see also McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) ("[T]the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." (citation omitted)).  Because Legal Bay is a citizen of only New Jersey and each Defendant is a citizen of *only* Minnesota, the parties are completely diverse.

13.     Legal Bay was, at the time of the filing of the State Court Action, and still is, a limited liability company organized under the laws of the State of New Jersey with its principal place of business located at 60 Roseland Avenue, Caldwell, New Jersey 07006.  (*See* Ex. A, Compl. ¶ 3.)  Legal Bay's sole member is Christopher Janish.  On information and belief, at the

4

time of the filing of the State Court Action and at all times since, Mr. Janish has been a permanent resident of New Jersey and resided at 8 Amelia St North Caldwell, New Jersey 07006.  *See, e.g.*, *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 110 (3d Cir. 2015) ("[A party] need not affirmatively allege the citizenship of each member of a[n] LLC if it is unable to do so after a reasonable investigation.") (citing *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (allowing party "to plead jurisdictional allegations…on information and belief and without affirmatively asserting specific details")).  Because Mr. Janish is domiciled in the State of New Jersey, he is a citizen of *only* New Jersey.  Thus, Legal Bay likewise is a citizen of *only* New Jersey.

14.     At the time of the filing of the State Court Action and at all times since, Mr. Beltz has been a permanent resident of Minnesota and resided at 430 Peavey Road, Wayzata, Minnesota 55391. (*See* Mayer Decl. ¶ 2.)

15.     At the time of the filing of the State Court Action and at all times since, Mr. Cavanaugh has been a permanent resident of Minnesota.  (*See id.* ¶ 3.)  At the time of the filing of the State Court Action, Mr. Cavanaugh resided at 1924 Irving Avenue South, Minneapolis, Minnesota 55403. (*See id.*)  Beginning on June 1, 2022, and at all times since, Mr. Cavanaugh has resided at 2900 Thomas Avenue South, #2212, Minneapolis, Minnesota 55416. (*See id.*)

16.     Mustang Funding, LLC was, at the time of the filing of the State Court Action, and still is, a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 701 Lake Street E #250, Wayzata, Minnesota 55391.  (*See id.* ¶ 4.)  It did, at the time of the filing of the State Court Action, and still does, have two

members: (i) Highcroft Capital Partners, LLC ("Highcroft"), and (ii) KCLRM, LLC ("KCLRM").  (*See id.*)

17.     Highcroft was, at the time of the filing of the State Court Action, and still is, a limited liability company organized under the laws of the state of Minnesota with its principal place of business located at 701 Lake Street E #250, Wayzata, Minnesota 55391.  (*See id.* ¶ 5.) Highcroft did, at the time of the filing of the State Court Action, and still does, have only one member, Defendant James Beltz, who was, at the time of the filing of the State Court Action, and still is, a citizen of Minnesota.  (*See id.* ¶ 2.)  Thus, Highcroft is a citizen of *only* Minnesota.

18.     KCLRM was, at the time of the filing of the State Court Action, and still is, a limited liability company organized under the laws of the state of Delaware.  (*See id.* ¶ 6.)  At the time of the filing of the State Court Action, KCLRM had its principal place of business located at 1924 Irving Avenue South, Minneapolis, Minnesota 55403.  (*See id.*)  Beginning on June 1, 2022, and at all times since, KCLRM has had its principal place of business located at 2900 Thomas Avenue South, #2212, Minneapolis, Minnesota 55416.  (*See id.*)  KCLRM did, at the time of the filing of the State Court Action, and still does, have only one member, Defendant Kevin Cavanaugh, who was, at the time of the filing of the State Court Action, and still is, a citizen of Minnesota.  (*See id.* ¶ 3.)  Accordingly, KCLRM is a citizen of *only* Minnesota.

19.     Because Mustang Funding, LLC did, at the time of the filing of the State Court Action, and still does, have only two members, Highcroft and KCLRM, and both of those members were and are citizens of *only* Minnesota (*see supra* ¶¶ 17-18), Mustang Funding, LLC also is a citizen of *only* Minnesota.

20.     Mustang Specialty Funding I, LLC ("Mustang Specialty I") was, at the time of the filing of the State Court Action, and still is, a limited liability company organized under the laws

of the state of Delaware with its principal place of business located at 701 Lake Street E #250, Wayzata, Minnesota 55391.  (*See* Mayer Decl. ¶ 7.)  Mustang Specialty I has had, at all times, just one member, Mustang Funding, LLC, which was, at the time of the filing of the State Court Action, and still is, a citizen of *only* Minnesota.  (*See supra* ¶ 19.)  Therefore, Mustang Specialty I also is a citizen of *only* Minnesota.

21.     Mustang Specialty Funding II, LLC ("Mustang Specialty II") was, at the time of the filing of the State Court Action, and still is, a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 701 Lake Street E #250, Wayzata, Minnesota 55391.  (*See* Mayer Decl. ¶ 8.)  Mustang Specialty II has had, at all times, just one member, Mustang Funding, LLC, which was, at the time of the filing of the State Court Action, and still is, a citizen of only Minnesota.  (*See supra* ¶ 19.)  Therefore, Mustang Specialty II also is a citizen of *only* Minnesota.

22.     Contrary to Legal Bay's misrepresentations in its Complaint, not one of the Mustang Entities has ever had any "offices located in . . . New Jersey."  (*See* Ex. A, Compl. ¶ 4-6.)  As stated on their website, the Mustang Entities have offices in Wayzata, Minnesota—where the Mustang Entities are headquartered—and satellite offices in Sarasota, Florida, and Plymouth Meeting, Pennsylvania.  (*See* Mayer Decl. ¶ 9, Ex. A.)  Indeed, Legal Bay's own counsel affirmed in a sworn statement that "Mustang does not have a place of business in New Jersey, is a foreign business entity, [] is not registered in New Jersey, [and has] a principal place of business located [in] . . . Wayzata, Minnesota."  (Ex. B, Certification of Diligent Inquiry and Personal Service Upon Defendant Mustang Funding LLC by Kieran T. Ensor ¶ 3).

23.     Because Legal Bay is a citizen of *only* the State of New Jersey and all Defendants are citizens of *only* Minnesota, the parties satisfy the complete diversity of citizenship

requirement and the Court has subject matter jurisdiction over the case under 28 U.S.C. § 1332(d).

## 2.   The Amount At Issue Exceeds The $75,000 Jurisdictional Threshold

24.     Legal Bay's Complaint does not specify the exact amount Legal Bay seeks to recover.   In such circumstances, courts hold that "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020) (same).   "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.   "[T]he amount in controversy set forth in the notice of removal shall control only 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." *Perez v. Luxury Retreats Processing Inc.*, 2019 WL 7373022, at *2 (D.N.J. Dec. 5, 2019) (quoting 28 U.S.C. § 1446(c)(2)(B)).

25.     Although Defendants deny that Legal Bay is entitled to *any* recovery, the Complaint in the State Court Action indicates that Legal Bay seeks to recover an amount that exceeds $75,000, exclusive of interest and costs.   Legal Bay asserts six putative claims against Defendants in its state court Complaint arising out of a purported oral agreement to form a litigation funding business.   More specifically, Legal Bay asserts that, per the terms of the oral agreement, its alleged $100,000 investment in a joint venture involving one or more of the Mustang entities entitles it to one-fourth of the profits Defendants earned over a three-year span from underwriting millions of dollars in litigation-related loans that Defendants sourced and funded themselves.   (*See* Ex. A, Compl. at 44 (requesting "an award of twenty-five (25%)

percent of the [alleged] [j]oint [v]enture's net profits to Plaintiff").)  Legal Bay's alleged

investment alone exceeds the jurisdictional minimum under 28 U.S.C. §§ 1332(a).  And it further

requests additional "compensatory damages, punitive damages, [and] attorney's fees."

      26.     Accordingly, it is clear by a preponderance of the evidence that the amount in

controversy is sufficient to satisfy the jurisdictional requirement under 28 U.S.C. §§ 1332(a).

      **B.**    **Venue Lies In The District of New Jersey**

      27.     Plaintiffs filed the State Court Action in the Superior Court of New Jersey, Essex

County – Chancery Division, under the docket number ESX-C-000086-22.  Pursuant to

28 U.S.C. §§ 1441 and 1446(a), venue lies in the district and division in which the State Court

Action is pending; here, that is the United States District Court for the District of New Jersey.

Therefore, this Court is a proper venue for the State Court Action.

**III.**    <u>**DEFENDANTS HAVE SATISFIED ALL PROCEDURAL REQUIREMENTS
FOR REMOVAL**</u>

      28.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is

filed within thirty days after the receipt of the Summons and Complaint in this action by

Defendants, through service or otherwise.

      29.     Pursuant to 28 U.S.C. § 1446(d), Defendant Mustang Funding LLC—on behalf of

all Defendants—is also providing written notice of the filing of the Notice of Removal to

Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of

the State of New Jersey, Essex County – Chancery Division.

      30.     In accordance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and

orders served upon" Defendants are attached as part of Exhibits A-D.

      31.     The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

If any questions arise as to the propriety of the removal of this action, Defendant Mustang

Funding LLC—on behalf of all Defendants—requests the opportunity to present evidence as necessary in support of its showing that this case is removable to this Court, including but not limited to, through formal briefing and oral argument.

## IV.   DEFENDANTS DO NOT WAIVE ANY DEFENSES OR ADMIT ANY ALLEGATIONS

32.   By removing this action from the Superior Court of the State of New Jersey, Essex County – Chancery Division, to the United States District Court for the District of New Jersey, Defendants do not waive any defenses available to any of them.

33.   By removing this action from the Superior Court of the State of New Jersey, Essex County – Chancery Division, to the United States District Court for the District of New Jersey, Defendants do not admit any of the allegations in Legal Bay's Complaint.

**WHEREFORE**, Defendant Mustang Funding LLC—on behalf of all Defendants—prays that the State Court Action be removed from the Superior Court of the State of New Jersey, Essex County – Chancery Division, to the United States District Court for the District of New Jersey.

Dated: New York, New York
        June 17, 2022

KASOWITZ BENSON TORRES LLP

By:  /s/ Christian T. Becker
     Christian T. Becker
     Sheron Korpus
     Edward E. Filusch
     David Tyler Adams
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700
Fax: (212) 506-1800
Email: cbecker@kasowitz.com
       skorpus@kasowitz.com
       efilusch@kasowitz.com

10

dadams@kasowitz.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served on June 17, 2022, on all counsel of record via CM/ECF, and/or FedEx, pursuant to the Rules of Civil Procedure.

*/s/ David Tyler Adams*
David Tyler Adams